IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| CLAUDET BLACKWELL, | : | |
| Plaintiff, | : | Civil No. 20-20339 (RBK/SAK) |
| v. | : | **OPINION** |
| WINWOOD HOSPITALITY GROUP, INC., | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendants Winwood Hospitality Group and Ral-Lot 2's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 4, "Mot. to Dismiss). For the reasons expressed herein, the Motion to Dismiss is **GRANTED**.

**I.   BACKGROUND**

This is a personal injury action. Plaintiff is Claudet Blackwell, a citizen of New Jersey. (Doc. 1, "Compl." at 1[1].) Plaintiff alleges that she was injured after she fell while visiting the Embassy Suites by Hilton Raleigh Durham Airport Brier Creek ("the Hotel"). (Compl. at 1.) The Hotel is located in Raleigh, North Carolina. (Compl. at 1.) Defendant Winwood Hospitality Group ("Winwood") owns and operates the Hotel, while the real property that the Hotel is located at is owned by Defendant RAL-Lot 2. (Compl. at 1.) Plaintiff claims that Defendants' negligence caused her to suffer debilitating personal injuries. (Compl. ¶3.) Plaintiff filed the present suit in

---

[1] Because the Complaint repeats paragraph numbers, the Court references page numbers for clarity.

1

the District of New Jersey. (Doc. 1.) Defendants Winwood and RAL-Lot 2 bring this motion, contending that the Court lacks personal jurisdiction over Defendants because the incident occurred in North Carolina and Defendants are not "at home" in New Jersey. (*See generally* Mot. to Dismiss.) Plaintiff did not file a response to the motion to dismiss.

II. **LEGAL STANDARD**

To determine whether it may exercise personal jurisdiction over a defendant, a federal court sitting in diversity must undertake a two-step inquiry. *IMO Indus., Inc. v. Kiekert, AG*, 155 F.3d 254, 259 (3d Cir. 1998). First, the court must apply the relevant state long-arm statute to see if it permits the exercise of personal jurisdiction. *Id.*; *see also Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (quoting Fed. R. Civ. P. 4(k)) ("[A] federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state."). Second, the court must apply the principles of due process. *IMO Indus., Inc.*, 155 F.3d at 259. In New Jersey, this inquiry is combined into a single step because the New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest extent permissible under the Due Process Clause. *Id.*; *see also Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 145 (3d Cir. 1992) (citing N.J. Court R. 4:4–4(c)) ("The New Jersey long–arm rule extends to the limits of the Fourteenth Amendment Due Process protection."). Due process permits the exercise of personal jurisdiction over a nonresident defendant where the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Provident Nat'l Bank*, 819 F.2d at 437 (internal citations and quotations omitted).

A plaintiff may establish personal jurisdiction by proving the existence of either specific or general jurisdiction. *Id.* To establish specific jurisdiction, a plaintiff must demonstrate that "the particular cause of action sued upon arose from the defendant's activities within the forum state." *Id.* On the other hand, to establish general jurisdiction, the plaintiff must "show significantly more than mere minimum contacts"; the defendant's forum contacts must be "continuous and substantial." *Id.* (citing *Gehling v. St. George's Sch. of Med., Ltd.*, 773 F.2d 539, 541 (3d Cir. 1985); *Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am.*, 651 F.2d 877 (3d Cir. 1981)).

When a defendant raises a personal jurisdictional objection, the plaintiff bears the burden of showing that jurisdiction is proper. *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). A plaintiff meets this burden by presenting a prima facie case for the exercise of personal jurisdiction, which requires that he or she establish "with reasonable particularity sufficient contacts between the defendant and the forum state." *Id.* (citing *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434 (3d Cir. 1987)). It is insufficient to rely on the pleadings alone; rather, a plaintiff must establish facts relevant to personal jurisdiction by affidavits or other competent evidence. *Patterson v. Fed. Bureau of Investigation*, 893 F.2d 595, 603–04 (3d Cir.1990) (citing *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984)); s*ee also N. Penn Gas v. Corning Natural Gas*, 897 F.2d 687, 688 (3d Cir. 1990) ("A determination of minimum contacts is based upon findings of fact.").

### III. DISCUSSION

Defendants argue that this Court lacks personal jurisdiction over them because the Court has neither general jurisdiction nor specific jurisdiction. The Court addresses each point in turn.

A. **General Jurisdiction**

Courts have general jurisdiction over individuals when a defendant's contacts with the forum state are "so continuous and systematic as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citations omitted). "[T]he paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (citations omitted).

A review of the pleadings demonstrates that the Court undoubtedly lacks general jurisdiction over each Defendant. Defendants contend that they are "North Carolina entities." (Mot at 3.) All of the hotel locations operated by Winwood are located in North Carolina. (Mot. at 3.) Winwood does not operate hotels in New Jersey. (Mot. at 3.) RAL-Lot 2 is the owner of real property in North Carolina. (Mot. at 3.) Because Plaintiff has not responded to the motion, Plaintiff cannot establish any facts that would otherwise contradict the assertion that Defendants Winwood and RAL-Lot 2 are not subject to general jurisdiction in New Jersey. Therefore, because Defendants have no connection to New Jersey, the Court cannot deem them "at home" in New Jersey. As such, the Court lacks general jurisdiction.

B. **Specific Jurisdiction**

To determine whether a court possesses specific jurisdiction over a defendant, the Court must conduct a three-step inquiry. *See O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007). First, the court must consider whether a defendant "purposefully directed [its] activities" at the forum. *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Second, the court considers whether the litigation "arose out of or relates to" at least one of those activities. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104

(1984)). Third, if those requirements are met, the court must consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" *Id.* (citing *Burger King*, 471 U.S. at 476).

At the threshold level, the defendant must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958). Physical entrance is not required. *See Burger King Corp.,* 471 U.S. at 476. But what is necessary is a deliberate targeting of the forum. *O'Connor,* 496 F.3d at 312. Thus, the "unilateral activity of those who claim some relationship with a nonresident defendant" is insufficient. *See Hanson,* 357 U.S. at 253. The jurisdictional nexus must also be the result of intentional conduct by the defendant and not merely "random, fortuitous, or attenuated contacts." *Amberson Holdings v. Westside Story Newspaper,* 110 F. Supp. 2d 332, 334 (D.N.J.2000) (internal quotation omitted). Further, contacts with a state's citizens that take place outside the state are not purposeful contacts with the state itself. *See Gehling v. St. George's Sch. of Med., Ltd.,* 773 F.2d 539, 542–43 (3d Cir. 1985).

In the present case, the incident giving rise to the Complaint occurred in North Carolina. There are no allegations that Defendants had any contact with New Jersey, and there are certainly no allegations that Defendants had sufficient intentional conduct with New Jersey to establish specific jurisdiction here. Additionally, Plaintiff has failed entirely to meet her burden of proving that this Court may exercise personal jurisdiction over Defendants. Plaintiff may not rest on the allegations in the Complaint; rather, Plaintiff was required to establish facts relevant to personal jurisdiction by affidavits or other competent evidence. *See Patterson*, 893 F.2d at 603–04. Because Plaintiff has failed to attach any such evidence, the Court is further inclined to grant the motion. Accordingly, for each of the aforementioned reasons, the Court finds that it lacks specific

5

jurisdiction over Defendants Winwood and RAL-Lot 2. Because the Court has neither general nor specific jurisdiction, the Court lacks personal jurisdiction.

Because the Court lacks both general and specific jurisdiction, the Court finds that it may not exercise personal jurisdiction in this matter over Defendants Winwood and RAL-Lot 2. Therefore, the Motion to Dismiss is **GRANTED**.

## IV. CONCLUSION

For the reasons contained herein, Defendant's Motion to Dismiss is **GRANTED**. An accompanying Order shall issue.

Dated: 7/12/2021 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge